STATE OF MINNESOTA, *ex rel.* Frank Wagner, *vs.* DISTRICT COURT OF HENNEPIN COUNTY.

November 18, 1889.

Contempt—Practice.—Judgment, in proceedings as for contempt, *held* supported by the record.

*Certiorari,* to review a judgment of the district court for Hennepin county, *Hicks,* J., presiding.

*Robinson & Baker,* for relator.

*M. E. Clapp,* Attorney General, for respondent.

VANDERBURGH, J.[1] The relator was adjudged guilty of contempt by the district court for disobedience of its orders in the matter of the

[1] Collins, J., was absent, and took no part in this case.

payment of certain allowances directed to be by him paid in an action for divorce, which is still pending against him. The action was commenced in 1885, and an order was made July 23d of that year requiring him to pay a specific sum for counsel fees, and $16 per month for alimony. He thereafter paid the monthly instalments in obedience to the order until November, 1885, since which time he has refused to pay anything therefor.

The principal objection urged against the validity of the order and judgment in these proceedings is that the original order was never personally served on the defendant, (Gen. St. 1878, *c.* 66, § 78;) but we think this omission was fully cured by the subsequent proceedings. It appears that, in proceedings for a contempt, in the year 1887, in which he duly appeared, he was adjudged guilty of contempt for disobedience to the same order, and was therein directed to appear for sentence on the 10th day of September, 1887, unless he should purge himself by payment of the full amount then due, which was stated in the order, in which also reference was specifically made to the original order, and which new order was duly and personally served on the defendant by the sheriff. On the return-day thereof the defendant, relator, appeared in person and by attorney, and the court thereupon, after a further and full hearing, modified its previous order in respect to the payment of the amount accrued, making the same payable in instalments at specific dates, and in default of such payment directed the relator to be committed, and also expressly continued in force the original order as to future payments. This order was made in open court. The action, it seems, is still pending, and all proceedings upon relator's part were stayed by an order of the court of the date January 4, 1889, because he was held to be in contempt; and finally the order and judgment sought to be reviewed here were made. We think the judgment fully sustained by the record. The proceedings have been much delayed by various motions, counter-motions, and appeals, but there is nothing in the record to show that the orders upon which this judgment is based have not continued in force, or that plaintiff has waived the benefit thereof, or that the same have been superseded, as relator claims, by the provisions for temporary alimony in the case of relator against

her, the proceedings in which are not before us. We must presume that due consideration was given to these objections by the district judge.

Judgment affirmed.